UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIC JAMES KRAFT,

                    Plaintiff,


        v.                                                          **DECISION AND ORDER**
                                                                    18-CV-853S

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.


        Plaintiff Eric James Kraft is a prevailing party in this Social Security benefits action.

Presently before this Court is Plaintiff's counsel's Motion for Attorney Fees under 42

U.S.C. § 406 (b)(1)(A). (Docket No. 25.) Defendant does not oppose the motion but asks

this Court to determine whether it was timely filed and whether the amount requested is

reasonable. (Docket No. 28.)

        Forty-two U.S.C. § 406 (b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant
> under this subchapter who was represented before the court
> by an attorney, the court may determine and allow as part of
> its judgment a reasonable fee for such representation, not in
> excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment, and
> the Commissioner of Social Security may, notwithstanding the
> provisions of section 405(i) of this title, but subject to
> subsection (d) of this section, certify the amount of such fee
> for payment to such attorney out of, and not in addition to, the
> amount of such past-due benefits.   In case of any such
> judgment, no other fee may be payable or certified for
> payment for such representation except as provided in this
> paragraph.

        Plaintiff was awarded past-due benefits by letter dated November 13, 2020.

(Docket No. 25-1 at p. 2.) The Social Security Administration withheld 25% of Plaintiff's

benefits, or $21,764.75, in order to pay Plaintiff's counsel. (Id.)

Plaintiff's counsel did not apply for attorney's fees within 14 days of Plaintiff's notice of award. Rather, on October 30, 2020, she requested an extension of the filing date, until she received the notice of award of Plaintiff's children's auxiliary benefits. (Docket No. 23.) This Court granted her motion for an extension. (Docket No. 24.)

On February 24, 2021, the Social Security Administration faxed Notices of Award of child auxiliary benefits totaling $41,066 for Plaintiff's three children. (Docket No. 25-1 at p. 2.) The Administration informed Plaintiff's counsel that 25% of this award, or $10,266.25, was available in attorney's fees, but the Administration appears to have released these funds to Plaintiff instead of withholding them as is required by statute. (Docket No. 29 at p. 3.)

On March 10, 2021, Plaintiff's counsel applied for $32,031.00 in attorney's fees, consistent with the contingent-fee agreement that provides for attorney fees not to exceed 25% of any recovery. (Docket No. 25.)

Defendant suggests that Plaintiff's counsel's application is not timely, because it was not filed within 14 days of the November 13, 2020, Notice of Award. (Docket No. 28 at p. 3.) Plaintiff's counsel argues that her motion was timely filed 14 days after she received the Notices of Award for auxiliary benefits. (Docket No. 29 at p. 1.) She further argues that the 14 days run from the date counsel receives notice of the benefits award, not from the date the claimant receives notice of an award. (Docket No. 29 at p. 1, citing Sinkler v. Berryhill, 932 F.3d 83, 88 (2d Cir. 2019)).

Plaintiff's counsel's argument is compelling. The Second Circuit has stated that

"parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." Sinkler v. Berryhill, 932 F.3d 83, 88 (2d Cir. 2019) Further, the fourteen-day limitation period begins to run "[o]nce counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed." Id. Here, counsel did not receive notice of the "maximum attorney's fees that may be claimed" until the Administration transmitted to her notice of Plaintiff's children's award. In any event, this Court has discretion to "enlarge th[e] filing period where circumstances warrant." Id. at 89. Counsel's motion for fees is therefore deemed timely.

Regarding the reasonableness of Plaintiff's counsel's fee request, having thoroughly reviewed counsel's fee request and supporting documentation, including the assertion that counsel expended 40.1 hours litigating the matter, see Declaration of Elizabeth Haungs, Docket No. 25-2 at p. 2, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 808, 1122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). Moreover, there is no indication that this fee is a windfall. Id. Plaintiff's counsel's $32,031.00 fee request is therefore granted under 42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered on February 24, 2020, this Court previously awarded Plaintiff's counsel $7,906.31 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d). (Docket No. 22.) Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the EAJA fee to Plaintiff. See Wells v.

<u>Bowen</u>, 855 F.2d 37, 42 (2d Cir. 1988).


       IT HEREBY IS ORDERED, that counsel's Motion for Attorney Fees in the amount of $32,031.00 under 42 U.S.C. § 406 (b)(1)(A) (Docket No. 25) is GRANTED.

       FURTHER, that Plaintiff's counsel is directed to refund to Plaintiff the $7,906.31 EAJA award within 14 days after receiving her § 406 (b) award.

       SO ORDERED.


Dated:  April 20, 2021
        Buffalo, New York

                               <u>s/William M. Skretny</u>
                               WILLIAM M. SKRETNY
                           United States District Judge